UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE, #210661,

        Plaintiff,

v.                                    CASE NO. 2:19-CV-10311
                                    HONORABLE PAUL D. BORMAN

SHERMAN CAMPBELL, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

**I.    Introduction**

Michigan prisoner Scott Sedore ("Plaintiff"), currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that he was not given proper medical care and accommodation for chronic pain and other injuries (arising from his 2009 drunk driving accident and lack of care while incarcerated) while he was confined at the Gus Harrison Correctional Facility in Adrian, Michigan from August, 2017 through May, 2018. He asserts violations of the Eighth Amendment (deliberate indifference), the Americans with Disabilities Act and Rehabilitation Act, and the First Amendment (retaliation). Plaintiff names Warden Sherman Campbell, Health Unit Manager Janet Campbell, Dr. Mary Greiner, P.A. Rosilyn Jindal, Corizon Health, Inc., the Michigan Department of Corrections, and the Michigan Department of Corrections' Pain Management Committee

(John/Jane Doe members) as the defendants in this action and sues them in their personal and official capacities. Plaintiff seeks injunctive relief, monetary damages, and any other appropriate relief. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). Having reviewed the complaint, the Court now dismisses it in part for failure to state a claim upon which relief may be granted under § 1983 and on the basis of immunity.

**II.    Discussion**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is

2

entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). With the

foregoing standards in mind, the Court finds that Plaintiff's complaint is subject to summary dismissal in part.

First, to the extent that Plaintiff asserts that defendants Warden Sherman Campbell, Health Unit Manager Janet Campbell, Corizon Health Inc., and the Michigan Department of Corrections are liable for the actions of other defendants or prison personnel, he fails to state a claim upon which relief may be granted. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant in the unconstitutional conduct to state a claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Any assertion that those defendants failed to supervise an employee, should be vicariously liable for an employee's conduct, erred in denying grievances, and/or did not sufficiently respond to the situation are insufficient to state a claim under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).

Second, to the extent that Plaintiff asserts that one or more of the defendants violated his constitutional rights by denying his grievances, he fails to state a claim for relief. The First Amendment guarantees "the right of the people . . . to petition the

Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). To the extent that Plaintiff is dissatisfied with the investigation of his complaints and the responses to his grievances, he fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report).

Third, Plaintiff fails to allege sufficient facts to state a retaliation claim in his complaint. To state a retaliation claim, a plaintiff must allege: (1) that he engaged in protected conduct, (2) that an adverse action was taken against him that would "deter a person of ordinary firmness from continuing to engage in that conduct," and (3) that the adverse action was motivated by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d

5

378, 395 (6th Cir. 1999) (en banc). The plaintiff bears the burden of proof on all three elements. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001). Plaintiff does not meet these standards. He merely states, in conclusory fashion, that he has been transferred between prisons due to his grievances and lawsuits and asserts that defendant Warden Sherman Campbell should be liable for harassment, discrimination and retaliation committed by other prison personnel. Plaintiff does not allege facts showing that any of the named defendants personally engaged in adverse action against him. Conclusory allegations are insufficient to state a claim under § 1983, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Additionally, as discussd, § 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability. *Monell*, 436 U.S. at 691-92. Plaintiff thus fails to state a retaliation claim in his complaint.

Fourth, Plaintiff's complaint against the defendants must also be dismissed in part on the basis of immunity. Plaintiff sues the defendants in their official capacities and seeks monetary damages as relief. The Eleventh Amendment, however, bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803

F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983.  *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).  Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its departments...."  *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)).  Eleventh Amendment immunity applies to state employees who are sued in their official capacities.  *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).  Because the defendants are employees of the Michigan Department of Corrections and are sued in their official capacities, they are entitled to Eleventh Amendment immunity.  *See Johnson*, 357 F.3d at 545.  Plaintiff's claims for monetary damages against the defendants in their official capacities must therefore be dismissed.

Lastly, the Court finds that Plaintiff's claims against the defendants concerning the alleged lack of proper medical care and accommodation, including those claims based upon prison policies and customs, are not subject to summary dismissal.  While Plaintiff may or may not ultimately prevail, he has pleaded sufficient facts to state such potential claims for relief against the defendants.

### III.    Conclusion

Based upon the foregoing analysis, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in part as to any claims based upon supervisory liability, the denial of grievances or complaints, and/or

7

retaliation. Accordingly, the Court **DISMISSES** such claims against the defendants.

The Court also concludes that the defendants are entitled to Eleventh Amendment immunity. Accordingly, the Court **DISMISSES** the monetary damages claims against the defendants in their official capacities.

Additionally, the Court concludes that Plaintiff's claims against the defendants concerning the alleged lack of proper medical care and accommodation, including those claims based upon prison policies and customs, survive the Court's initial screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 29, 2019