UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE #210661,

       Plaintiff,                        Case No. 19-10311
v.                                             District Judge Paul D. Borman
                                               Magistrate Judge R. Steven Whalen

SHERMAN CAMPBELL, et al.,

       Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

On November 4, 2019, Plaintiff Scott Sedore, a prisoner currently in the custody of the Michigan Department of Corrections ("MDOC") filed the present motion, requesting, in effect, that the Court order Defendants to file a timely answer to his civil rights Complaint. ECF No. 40, PageID.585.

However, on October 15, 2019 the Court granted Defendants MDOC, Sherman Campbell, and Janet Campbell's motion for enlargement of time to file a responsive pleading, determining that they had pled "excusable neglect" in failing to timely response to the Complaint under Fed. R. Civ. P. 6(b)(1)(B), giving Defendants until December 4, 2019 to file an answer or dispositive motion. ECF No. 39, PageID.584. The issue is therefore moot as to the MDOC Defendants.

-1-

Defendants Mary Greiner, Rosilyn Jindal, Corizon Health, Inc. (the "Corizon Defendant") and James E. Blessman have not been formally served. Counsel for the Corizon Defendants entered a limited appearance for purposes of the Court's Prisoner Civil Rights Litigation Early Mediation Program [ECF No. 12], and filed a Demand for Jury Trial on on July 18, 2019 [ECF No. 28]. Counsel for Defendant Blessman entered an appearance on September 24, 2019 [ECF No. 35].

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(g), defendants are not required to file an answer or other responsive pleading until ordered to do so. *See Boling v. Corrections Medical Service*, 2007 WL 2515222, *1 (E.D. Mich. 2007), citing *Stevenson v. MDOC*, 2007 WL 1202310, *1 (W.D. Mich. 2007)("Section 1997e(g) bars plaintiff from obtaining an entry of default...because defendants have no obligation to reply to the complaint until ordered by the court.").

The Corizon Defendants have filed a demand for jury trial, and counsel for Defendant Blessman has entered an appearance. Whether or not they have been formally served, they do have actual notice of the complaint. Without deciding whether these Defendants can seek dismissal for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2) or otherwise, Plaintiff's motion to have the Corizon Defendants and Defendant Blessman file an answer or responsive pleading [ECF No. 40] is GRANTED.[1]

---

[1] The Court's October 15, 2019 order granting the MDOC Defendants' motion for enlargement of time to file a responsive pleading [ECF No. 39] implicitly requires these Defendants to file a responsive pleading under § 1997e(g). To the extent that there is any

All Defendants will file answers or dispositive motions under any provision of Fed.R.Civ.P. 129(b) or the Prison Litigation Reform Act on or before December 4, 2019.

IT IS SO ORDERED.


Dated: November 7, 2019         s/R. Steven Whalen
                                           R. STEVEN WHALEN
                                           UNITED STATES MAGISTRATE JUDGE


**CERTIFICATE OF SERVICE**

I hereby certify on November 7, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants November 7, 2019.

                                             s/Carolyn M. Ciesla
                                             Case Manager for the
                                             Honorable R. Steven Whalen

---

question, this present order will be considered to require the MDOC Defendants to file a responsive pleading.