UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,                                  Case No.: 19-10311

          Plaintiff,                          Stephanie Dawkins Davis
v.                                             United States District Judge

MARY GREINER, M.D., *et al.*,                   R. Steven Whalen
                                               United States Magistrate Judge
          Defendants.
_____
_____/

## REPORT AND RECOMMENDATION

On January 25, 2019, Plaintiff Scott Sedore, a prison inmate in the custody

of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil

complaint under 42 U.S.C. § 1983.  Some of the claims in the complaint were

summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A; the only

remaining claims concern the alleged lack of proper medical care and

accommodations.  (ECF No. 10).  Before the Court is Defendant James E.

Blessman's Motion to Dismiss, (ECF No. 44), which has been referred for a

Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons

discussed below, I recommend that the motion be **DENIED**.

1

## I.  FACTS

The complaint alleges that while the Plaintiff was a prison inmate at the Gus Harrison Correctional Facility between August 7, 2017 and May 31, 2018, the Defendants, who were charged with his medical care, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The complaint contains the following allegations, specifically as against the MDOC pain committee, of which Defendant Blessman is alleged to have been a member.[1]

By way of background, in October 2009, Plaintiff was involved in a head-on vehicle collision.  He was very seriously injured in the accident, and at the time of the events alleged in the complaint, was experiencing "debilitating pain" throughout his body.  (ECF No. 1, PageID.17-18).

He alleges that while in the custody of MDOC he had not been given proper pain medication to treat his severe pain.  Prior to being housed at the Gus Harrison Correctional Facility, MDOC medical providers gave Plaintiff Cymbalta to treat his pain.  However, Plaintiff experienced side effects, including losing 85 pounds in less than six months; he was taken off the medication.  (*Id.* at PageID.48).  At

---

[1] Plaintiff did not provide background information on the MDOC pain committee. It appears that the pain committee reviews referrals from medical providers for pain medication, and provides a recommendation on how best to treat the prisoner's pain.  Plaintiff refers to the pain committee with the parenthetical "(Jane/John Doe)" throughout his complaint.  He later identified Blessman as the John Doe defendant.  (ECF No. 24, PageID.242).

Gus Harrison, the MDOC pain committee apparently examined Plaintiff's case and provided a recommendation to his providers that he be prescribed Cymbalta.

Given his history with the medication, Plaintiff refused to take it. During his February 13, 2018 appointment with Defendant Rosilyn Jindal, P.A., he explained his reasoning. When he refused the Cymbalta, no alternative pain medication was offered by Jindal or the pain committee. He alleges that the Tylenol and Motrin he was allowed to take put his liver and stomach at risk of damage due to the side effects and that those medications did not work to alleviate his pain. (*Id.* at PageID.28).

Plaintiff alleges that the MDOC pain committee could not determine appropriate pain management because they did not know his full medical history, had never met with or spoken to him, and relied on MDOC medical records that were only 25% accurate. (*Id.* at PageID.27-28). More specifically, he alleged the pain committee and Jindal knew about his history with Cymbalta "because it is in [his] medical records, yet they gave [him] no other choice for pain management." (*Id.* at PageID.48).

Defendant Blessman seeks dismissal for failure to state a claim, arguing that Plaintiff's claim amounts to a mere disagreement over the committee's recommendation to treat his pain with Cymbalta, and that Plaintiff did not allege

3

Blessman's personal involvement in the purported constitutional violation.  (ECF No. 44).

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley,* 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court set forth what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.  The Court held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true."  *Id.,* 127 S.Ct. at 1964–65 (internal citations and quotation marks omitted).  Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

4

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is *plausible* on its face." *Bell Atlantic,* at 1974 (emphasis added).

## III. DISCUSSION

The Supreme Court has held that prisoners have a constitutional right, under the Eighth Amendment, to medical care. *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Id.* at 104. An Eighth Amendment claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *Farmer,* 511 U.S. at 834. Deliberate indifference "entails something more than mere negligence," *id.* at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* To establish the subjective component, "the plaintiff must allege facts which, if true,

would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk." *Id.* at 837.

A plaintiff can "establish the objective component by showing that the prison . . . provided treatment 'so cursory as to amount to no treatment at all.'" *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018) (quoting *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 551 (6th Cir. 2009)). Plaintiff makes this showing by alleging that taking Cymbalta would have been seriously detrimental to his health, and that other medication he had access to were ineffective. He was essentially left with pain management so cursory as to amount to no pain medication at all.

The Defendant is correct, however, that mere medical malpractice does not rise to the level of an Eighth Amendment violation. *See Estelle v. Gamble, supra,* 429 U.S. at 105–106 ("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). The Sixth Circuit has also observed that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are *generally* reluctant to second guess medical judgments and to constitutionalize

6

claims which sound in state tort law." *Westlake v. Lucas,* 537 F.2d 857, 860 at n. 5 (6th Cir. 1976) (emphasis added).  However, the fact that an inmate receives *some* level of medical attention does not necessarily preclude constitutional scrutiny of the quality of that care.

Plaintiff received medical attention, but contends that his pain management was inadequate.  Plaintiff alleges that the pain committee knew of his history with Cymbalta because that history was documented in the medical records and that the pain committee relied on those medical records, although they were only 25% accurate.[2]  (ECF No. 1, PageID.28, 48).  Accepting as true that the pain committee members, including Blessman, knew of Plaintiff's history with Cymbalta, then the committee recommended that he take Cymbalta again in the face of that knowledge.

The degree of influence the pain committee has over the medical providers/prescribers is unclear from the complaint.  Plaintiff alleges that the pain

---

[2] Plaintiff attached medical records to his response brief and refers to these documents in his argument.  Defendant's Fed. R. Civ. P. 12(b)(6) motion tests the sufficiency of the complaint allegations.  At this stage, the Court does not consider extrinsic materials.  Therefore, I do not consider the medical records attached to Plaintiff's brief.  Similarly, Defendant's counsel asserts that Defendant was not a member of the pain committee at the time it recommended Cymbalta.  He provided no evidence to support this assertion, and in any event, this assertion does not go to the sufficiency of the allegations.  Defendant may be able to produce evidence to support this claim on summary judgment, but the claim will not be considered here.

committee *recommended* Cymbalta, not that it prescribed the medication.

However, Plaintiff also alleges that neither his medical provider, P.A. Jindal, nor

the committee would allow him to take any other medication after he refused

Cymbalta.  Construing the complaint liberally, Plaintiff's allegations suggest that

the pain committee has at least some authority, if not ultimate authority, over pain

medication prescriptions.  And in this case, according to Plaintiff, the committee,

including Defendant Blessman, recommended and would prescribe Cymbalta over

any other pain medication, even though there was a known, documented risk of

serious harm to Plaintiff caused by that medication.

Whether the recommendation amounts to constitutionally inadequate

medical care or merely medical malpractice or negligence is a close question.

Although the deliberate indifference claim against Dr. Blessman is a close

question, I find that Plaintiff has pleaded facts from which one can plausibly infer

deliberate indifference.  It is the defendant's knowledge of the circumstances and

serious risk is essential to a finding of deliberate indifference.  "'Thus, an official's

failure to alleviate significant risk that he should have perceived but did not, while

no cause for commendation, cannot under our cases be condemned as the infliction

of punishment.'" *Miller v. Calhoun Cty.*, 408 F.3d 803, 813 (6th Cir. 2005)

(quoting *Farmer*, 511 U.S. at 838); *see also Reed v. Craig*, 2011 WL 5076449, at

*3 (S.D. Ohio Oct. 25, 2011) (suggesting that if the plaintiff had alleged that the

doctor was aware when prescribing medication that it posed a significant risk to the plaintiff's health, the plaintiff would have stated an Eighth Amendment claim); *Hall v. Nurse V.*, 2009 WL 2243781, *2 (S.D. Ohio Jul. 23, 2009) ("Plaintiff fails to allege any facts showing the defendants knowingly provided him with the wrong medication or that defendants knew plaintiff would suffer adverse side effects from the medication."). Here, Plaintiff pleaded that Blessman and the pain committee recommended a medication they *knew* was harmful to him, ultimately leaving him without safe, effective pain medication. Plaintiff's claim against Blessman may not be successful on summary judgment after a period of discovery, but for purposes of this Fed. R. Civ. P. 12(b)(6) motion to dismiss, Plaintiff has sufficiently pleaded his claim.

Blessman also argues that Plaintiff did not allege his personal involvement in any constitutional violation, as Plaintiff only refers to the pain committee, not Blessman specifically. The Plaintiff in a § 1983 case must clearly show that a named defendant was personally involved in the allegations underlying the Complaint. *Rizzo v. Goode,* 423 U.S. 362, 96 (1976); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). Plaintiff sues Blessman as a member of the pain committee that recommended Cymbalta. In the complaint, Plaintiff refers to the committee with the parenthetical "(Jane/John Doe)" in the singular, indicating that he is targeting one individual on the committee. He brought forth allegations

9

against the committee "(Jane/John Doe)" defendant that gave that member—now

identified as Defendant Blessman—sufficient personal involvement in the alleged

Eighth Amendment violation.  *See Martin v. Kazulkina*, 2017 WL 971706, at *12

(E.D. Mich. Feb. 21, 2017) ("Courts have held that membership on a reviewing

committee is sufficient to constitute personal involvement in several contexts.")

(collecting cases).

## IV. CONCLUSION

I recommend that Defendant's Motion to Dismiss (ECF No. 44) be

**DENIED**.

Any objections to this Report and Recommendation must be filed within

fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §

636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections

constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140,

106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505

(6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of

objections which raise some issues but fail to raise others with specificity will not

preserve all the objections a party might have to this Report and Recommendation.

*Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: September 24, 2020           s/R. Steven Whalen
                                   R. Steven Whalen
                                   United States Magistrate Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 24, 2020 electronically and/or by U.S. mail.

                                   s/Carolyn M. Ciesla
                                   Case Manager