UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,                                   Case No. 19-10311

      Plaintiff,                                Stephanie Dawkins Davis
v.                                              United States District Judge

SHERMAN CAMPBELL, *et al.*,

      Defendants.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING REPORTS
AND RECOMMENDATIONS (ECF Nos. 56, 57), OVERRULING
OBJECTIONS, GRANTING IN PART AND DENYING IN
PART MOTION FOR SUMMARY JUDGMENT (ECF No. 43),
and DENYING MOTION TO DISMISS (ECF No. 44)**

**I.     INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff Scott Sedore brought suit in this court against several defendants alleging Eighth Amendment claims of deliberate indifference. (ECF No. 1). Sedore alleges that prison medical providers deliberately limited, delayed, and denied him necessary medical care and refused to seek appropriate pain management for him. (ECF No. 1, PageID.17). This matter is before the court on a motion for partial summary judgment by defendants Corizon Health Inc., Mary Greiner, and Rosilyn Jindal (Corizon defendants) (ECF No. 43) and a motion to dismiss by defendant James E. Blessman. (ECF No. 44). The court referred the matters to Magistrate Judge R. Steven Whalen, who issued a Report and

1

Recommendation on the Corizon' defendants' motion on September 21, 2020, recommending that the Court grant in part and deny in part their motion for summary judgment. (ECF No. 56). Judge Whalen issued a second report and recommendation on September 24, 2020, recommending that the Court deny Blessman's motion to dismiss. (ECF No. 57). Blessman filed objections to both reports and recommendations. (ECF Nos. 59, 60). Sedore apparently did not receive a copy of the objections and thus, the court allowed additional time for him to file a response. (ECF No. 64). Sedore did so on December 29, 2020. (ECF No. 65). Sedore elected not to file a substantive response but indicated that he supports the decision made by Judge Whalen. *Id*.

For the reasons discussed below, the court will **OVERRULE** defendant Blessman's objections and **ACCEPT AND ADOPT** both R&Rs.

## II. LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to

2

which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F. 3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient.").

## III. DISCUSSION

### A. September 21 Report and Recommendation

The moving parties (the Corizon defendants) did not file any objection to the magistrate judge's recommendations. Rather, defendant Blessman objects to the magistrate judge's decision not to consider his concurrence in the motion for partial summary judgment on the issue of exhaustion of administrative remedies. (ECF No. 52). The magistrate judge recommended that the concurrence not be considered because arguments on failure to exhaust should be addressed in a motion for summary judgment, to which Sedore should be given an opportunity to respond. (ECF No. 56, PageID.994). In his concurrence, Blessman argued that Sedore, just as with the Corizon defendants, failed to exhaust his administrative remedies because the grievances at issue, ARF 2018-02-0477-028A (0477) and ARF 2018-01-0256-28B (0256) were rejected at all three stages of review. (ECF No. 52, PageID.961-962, citing ECF No. 43-1).

The magistrate judge determined that that Grievance No. 0477 was improperly rejected as duplicative. (ECF No. 56, PageID.984-985). This grievance addressed the MDOC Pain Committee's recommendation that Sedore take Cymbalta for his chronic pain, despite the fact that he previously had tried it, and not only did it fail to address his pain, he suffered significant weight loss as a side effect. In that grievance, Sedore accused defendants Jindal and the Pain

4

Committee (of which Blessman is a member) of being deliberately indifferent to his pain and suffering. *Id*. *See also* ECF No. 43-1, PageID.736 ("Why would the pain committee recommend a medication that they know was 100% ineffective to treat my pain less than 1 year ago? Plus the risk side effects?"). Sedore identifies a "Jane/John Doe member of the MDOC Pain Committee in this grievance. *Id*. As observed in the September 24 Report and Recommendation, Sedore also referred to the Pain Committee with a parenthetical "Jane/John Doe" throughout his complaint and Blessman was later identified as the Doe defendant. (ECF No. 57, PageID.998, n. 1, citing ECF No. 24, PageID.242).

As set forth above, in his concurrence, Blessman argued that Sedore, just as with the Corizon defendants, failed to exhaust his administrative remedies because Grievance Nos. 0477 and 0256 were rejected at all three stages of review. (ECF No. 52, PageID.961-962, citing ECF No. 43-1). Now, in his objection, Blessman argues something quite different. He wants the Court to expand the scope of the R&R's conclusion that Grievance No. 0256 and Grievance ARF-2018-01-0114-28A (0114) did not exhaust any claims, so as to encompass Sedore's claims against Blessman. Blessman's argument ignores the facts that (1) he argued in his concurrence that Grievance No. 0477 *not* Grievance No. 0114 failed to exhaust any claims against him; and (2) the magistrate judge found, contrary to Blessman's concurrence, that Grievance No. 0477 did not fail to exhaust claims. Even if the

5

R&R had considered the substance of Blessman's concurrence, Blessman did not argue before the magistrate judge that *Grievance No. 0114* failed to exhaust his administrative remedies. Accordingly, not only was this issue not before the magistrate judge, Sedore would have had no opportunity to address an issue not raised in Blessman's concurrence, even if he had been ordered to file a response. *See Becker v. Clermont County Prosecutor*, 450 Fed. Appx. 438, 439 (6th Cir. 2011) (Matters raised for the first time in objections to the magistrate judge's report and recommendation need not be considered by the court); *AES-Apex Emp'r Servs. Inv. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019) (a "[d]istrict court never abuses its discretion when it holds that an issue not actually presented to a magistrate judge is forfeited."). Accordingly, the court finds no error in the decision to defer addressing the substance of Blessman's failure to exhaust defense until such time as he files an independent motion for summary judgment and Sedore is given a full opportunity to so respond. *Anderson v. Jutzy*, 175 F.Supp.3d 781, 787 (E.D. Mich. 2016) ("The summary judgment motion is especially well suited to pretrial adjudication of an exhaustion defense, because proof of lack of exhaustion generally requires resort to matters outside the pleadings, such as affidavits or documentary evidence.") (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) (holding that when "matters outside the pleadings are presented to and not excluded by the court," a motion to dismiss must be treated as

a motion "for summary judgment under Rule 56") (quoting Fed.R.Civ.P. 12(d)). Blessman's objections are **OVERRULED**.

    B.    <u>September 24 Report and Recommendation</u>

In the September 24 Report and Recommendation on Blessman's motion to dismiss for failure to state a claim, Judge Whalen recounts the pertinent facts from the complaint as follows:

> By way of background, in October 2009, Plaintiff was involved in a head-on vehicle collision. He was very seriously injured in the accident, and at the time of the events alleged in the complaint, was experiencing "debilitating pain" throughout his body. (ECF No. 1, PageID.17-18).
>
> He alleges that while in the custody of MDOC he had not been given proper pain medication to treat his severe pain. Prior to being housed at the Gus Harrison Correctional Facility, MDOC medical providers gave Plaintiff Cymbalta to treat his pain. However, Plaintiff experienced side effects, including losing 85 pounds in less than six months; he was taken off the medication. (*Id*. at PageID.48). At Gus Harrison, the MDOC pain committee apparently examined Plaintiff's case and provided a recommendation to his providers that he be prescribed Cymbalta.
>
> Given his history with the medication, Plaintiff refused to take it. During his February 13, 2018 appointment with Defendant Rosilyn Jindal, P.A., he explained his reasoning. When he refused the Cymbalta, no alternative pain medication was offered by Jindal or the pain committee. He alleges that the Tylenol and Motrin he was allowed to take put his liver and stomach at risk of damage due to the side effects and that those

>medications did not work to alleviate his pain. (*Id*. at PageID.28).
>
>Plaintiff alleges that the MDOC pain committee could not determine appropriate pain management because they did not know his full medical history, had never met with or spoken to him, and relied on MDOC medical records that were only 25% accurate. (Id. at PageID.27-28). More specifically, he alleged the pain committee and Jindal knew about his history with Cymbalta "because it is in [his] medical records, yet they gave [him] no other choice for pain management." (*Id*. at PageID.48).

(ECF No. 57, PageID.998-999).

In his motion to dismiss, Blessman made two primary arguments. First, he argued that Sedore failed to allege sufficient personal involvement. Second, Blessman asserted that Sedore's deliberate indifference claim failed because it amounted to nothing more than a disagreement over the adequacy of treatment. In his objections, Blessman only raised the second issue. Accordingly, the court will not address the personal involvement issue further.

Blessman's objection contends that Sedore's claim sounds in mere medical malpractice. That is, it amounts to a difference of medical opinion that does not rise to the level of constitutional injury. The magistrate judge acknowledged that mere medical malpractice does not give rise to a constitutional injury but observed that "the fact that an inmate receives *some* level of medical attention does not necessarily preclude constitutional scrutiny of that care." (ECF No. 57,

8

PageID.1003, emphasis in original). As explained in the R&R, Sedore received medical attention, but contends that his pain management was inadequate. He alleges that the pain committee knew of his history with Cymbalta because that history was documented in the medical records and that the pain committee relied on those medical records, although they were only 25% accurate. (ECF No. 57, PageID.1003, citing ECF No. 1, PageID.28, 48). "Accepting as true that the pain committee members, including Blessman, knew of Plaintiff's history with Cymbalta, then the committee recommended that he take Cymbalta again in the face of that knowledge." *Id*. The magistrate judge acknowledged that drawing a conclusion about whether this recommendation amounted to constitutionally inadequate care was a "close question" but concluded that Sedore had pleaded sufficient facts from which deliberate indifference could be inferred. More specifically, the R&R concluded that Sedore "pleaded that Blessman and the pain committee recommended a medication they knew was harmful to him, ultimately leaving him without safe, effective pain medication." (ECF No. 57, PageID.1005).

While the court agrees that it is a close question, it is not persuaded that the magistrate judge erred. In ruling on a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inference in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012).

9

According to Blessman, the court cannot accept as true, even when liberally construing Sedore's complaint in his favor, that he was left without any alternative pain management medication. Blessman points to allegations in the complaint that Sedore was provided and taking Tylenol and Motrin for his pain, despite knowing that these medications can cause harm to his liver and stomach and that he received a right hip injection and spinal epidural injection for his chronic pain complaints. (ECF No. 1, PageID.28-33). Yet, Blessman did not make this argument in his underlying motion to dismiss and the court need not consider it for this reason. *Becker*, *supra*; *AES-Apex Emp'r Servs.*, *supra*.; *see also Aplin v. Faurecia Interior Sys., Inc.*, 2020 WL 6268448, at *5 (E.D. Mich. Oct. 26, 2020) ("While this Court generally does not consider an issue not presented to the magistrate judge, it generally will consider an issue already presented to the magistrate judge") (citing *Boussum v. Campbell*, 2019 WL 442129, at *1 (E.D. Mich. Feb. 5, 2019); and *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018)). And again, as the magistrate judge acknowledged, the provision of some medical care does not always defeat a claim for deliberate indifference at the pleading stage. For these reasons, Blessman's objections are **OVERRULED**.

### IV. CONCLUSION AND RELIEF

For the reasons set forth above, the court **ACCEPTS** and **ADOPTS** both reports and recommendations, **OVERRULES** Blessman's objections, **GRANTS**

the Corizon defendants' motion for partial summary judgment in part, and

**DENIES** Blessman's motion to dismiss.

    **IT IS SO ORDERED**.

Date: February 5, 2021                 s/Stephanie Dawkins Davis
                                                   Stephanie Dawkins Davis
                                                   United States District Judge