UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,

        Plaintiff,

v.

SHERMAN CAMPBELL, et al.,

        Defendants.
_____/

Case No. 19-10311
District Judge Stephanie Dawkins Davis
Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

On January 8, 2021, Plaintiff filed a Motion to Enforce Terms of Settlement [ECF No. 66], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).[1] For the reasons discussed below, I recommend that the motion be DENIED.

## I.  BACKGROUND

Plaintiff brought claims under 42 U.S.C. § 1983 against Defendants Michigan Department of Corrections ("MDOC"), Sherman Campbell, and Janet Campbell (MDOC employees), alleging deliberate indifference to his medical needs, in violation of the Eighth Amendment. On February 4, 2020, Plaintiff and these three Defendants stipulated to the dismissal of claims against them with prejudice, and without costs or attorney fees

---

[1] Because this is a post-judgment/dismissal motion, I must proceed by Report and Recommendation under § 636(b)(1)(B).

-1-

to either party [ECF No. 53], pursuant to a settlement agreement. Appended to Plaintiff's motion is a General Release From Liability that set forth the terms of the settlement [ECF No. 66, PageID.1063-1067].[2] In addition to a monetary settlement of $750.00, the terms included the MDOC's agreement to provide special medical accommodations to the Plaintiff, as follows:

-A continuous Special Accommodation Notice ("SAN") "that when not housed in a single cell placement his assigned helper/attendant will be his roommate;"

-A continuous SAN for a sock donner, air mattress, ROHO cushion and hand-held urinal;

-Plaintiff would be allowed to purchase a wheelchair of his choosing, as long as it is consistent with MDOC specifications.

ECF No. 66, PageID.1064.

## II. STANDARD OF REVIEW

This Court has the equitable power to enforce a settlement agreement, *Brock v. Scheuner Corp.,* 841 F.2d 151, 154 (6th Cir.1988), that remedy being contained to cases where there is no dispute or ambiguity as to either the entry into, or the terms of the agreement. *Kukla v. National Distillers Products Co.,* 483 F.2d 619, 621 (6th Cir.1973). Thus, "[b]efore enforcing settlement, the district court must conclude that agreement has

---

[2] The settlement pertained to both this case and a case in the Western District of Michigan, *Sedore v. Nagy, et al.*, No. 1:19-cv-61.

been reached on all material terms." *Brock,* 841 F.2d at 154. *See also Therma-Scan, Inc. v. Thermoscan, Inc.,* 217 F.3d 414, 419 -420 (6th Cir. 2000).

"Settlement agreements are a type of contract and are therefore governed by contract law." *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir.1992). Therefore, "whether a settlement agreement is a valid contract between the parties is determined by reference to state substantive law governing contracts generally." *Id*. In Michigan (as in most, if not all American jurisdictions), "[t]he primary goal in the construction or interpretation of any contract is to honor the intent of the parties." *Rasheed v. Chrysler Corp*., 445 Mich. 109, 127 n. 28, 517 N.W.2d 19 (1994).

### III. DISCUSSION

In his motion, Plaintiff does not argue that the MDOC has failed to provide any of the special accommodations that were agreed upon. Rather, he argues that the wording of the SAN notices are not precisely congruent with the General Release, and therefore might result in a future violation. He asks the Court "to correct the language of the Accommodation order to reflect the language-word for word-of what was written in the 'General Release From Liability' which is the settlement agreement." ECF No. 66, PageID.1050. The Accommodation Notice, dated February 18, 1010, which is appended to his motions, provides as follows:

| Equipment | Start Date |
|---|---|
| Air Mattress | 06/02/20 |

      Air Mattress,
      Mediation settlement agreement, 2/3/2020        02/18/2020

      Urinal, Mediation settlement agreement, 2/3/2020        02/18/2020

      Sock Donner,
      Mediation settlement agreement, 2/3/2020        02/18/2020

      Comments: "Assigned helper/attendant will be his roommate-mediation settlement agreement 2/3/2020." ECF No. 66, PageID.1059.

While it is unclear why there are two notations for the start date for the air mattress, the latest being June 2, 2020, the Plaintiff does not claim that he was not given an air mattress. Nor does he claim that he has not been provided with any of the other accommodations. There is no ambiguity as to the accommodations that were agreed upon, and there is no showing that the Defendant MDOC has breached the agreement. To the contrary, the Plaintiff's exhibit shows that the MDOC has fully complied with the agreement by providing the accommodations.

      Plaintiff's motion is based on his belief that the language of the SAN must be a verbatim version of the language in the General Release, and that changing the language is the equivalent of changing the terms of the agreement. But phraseology was not a condition that both parties agreed to. Omitting the phrase "mediation settlement agreement, 2/3/20" from one of the air mattress accommodations does not change the substantive agreement that Plaintiff receive an air mattress. The comment on the SAN that Plaintiff's assigned helper/attendant will be his roommate does not include the phrase in the General Release that this will occur "when not housed in a single cell placement,"

but that modifier is implied–if Plaintiff is placed in a single cell, he would obviously not have a roommate.

In sum, a requirement that precise language be used in the SAN is not part of the settlement, was not mutually agreed upon, and therefore cannot be enforced by this Court. *Brock,* 841 F.2d at 154. Plaintiff received what he bargained for. Nor is the Plaintiff entitled to his request that Defendants pay him and additional $100.00. ECF No. 66, PageID.1056. The agreement provided that Plaintiff be paid $750.00 in settlement of his case, and he does not contend that he has not received that amount.

## IV. CONCLUSION

I recommend that Plaintiff's Motion to Enforce Terms of Settlement [ECF No. 66] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.

1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: March 30, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 30, 2021, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla  
Case Manager to the  
Honorable R. Steven Whalen