# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Scott Sedore, #210661

    Plaintiff,

v.

Campbell et al

    Defendants.

Case No.: 4:19-cv-10311
District Judge: Stephanie Dawkins Davis
Magistrate Judge: David R. Grand

| | |
|---|---|
| SCOTT SEDORE, #210661<br>G. Robert Cotton Correctional Facility<br>3500 N. Elm Road<br>Jackson, MI 49201<br>*Pro Se Plaintiff*<br><br>TANOURY, NAUTS, MCKINNEY & GARBARINO, PLLC<br>Cullen B. McKinney (P49757)<br>Attorney for James Blessman<br>38777 Six Mile Road, Suite 101<br>Livonia, MI 48152<br>(313) 964-4500<br>cullen.mckinney@tnmglaw.com | CHAPMAN LAW GROUP<br>Jeffrey Bomber (P85470)<br>Attorney for Corizon Health, Inc.;<br>Mary Greiner, D.O.; and Rosilyn Jindal, P.A.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>jbomber@chapmanlawgroup.com |

## **AFFIDAVIT OF ROSILYN JINDAL, P.A.**

STATE OF MICHIGAN    )
                                )ss
COUNTY OF LENAWEE    )

    I, ROSILYN JINDAL, P.A. first being duly sworn on oath, state that if I were called to testify as a witness in this matter, I would testify to the following facts

based upon my personal knowledge and review of Scott Sedore's Michigan Department of Corrections medical chart:

1. On all dates relevant to Plaintiff's Complaint, I was a physician assistant licensed in the State of Michigan.

2. I was a medical provider at the Gus Harrison Correctional Facility during the time period relevant to this case.

3. On August 9, 2017, I reviewed Mr. Sedore's chart upon his arrival to Gus Harrison. The medication list is automatically popuated. At that time, Mr. Sedore was prescribed Resource drinks, Zocor, Ibuprofen, artificial tears, Milk of Magnesia, Tylenol, Dulcolax, and a Proair inhaler. I discontinued Mr. Sedore's Ultram prescription as this was only prescribed to assist him during his transfer.

4. On August 15, 2017, I reviewed Christian Schutte's findings from his neuropsychological evaluation with Mr. Sedore.

5. I first evaluated Mr. Sedore during a chronic care visit on September 18, 2017. I discussed Mr. Sedore's chronic issues and noted his hypothyroidism had resolved and his hyperlipidemia was unresolved. I also noted Mr. Sedore's compliance with diet and exercise was poor but his compliance with medication and follow up was good.

6. During this visit, Mr. Sedore complained of back pain, bone and joint symptoms, muscle weakness, myalgia, and an abnormal weight loss. I submitted an ACMO request for Ensure, ordered weekly weights, and a dietary referral. I submitted a consultation request ("407") for a neurosurgery consultation. In my request, I noted Mr. Sedore's history of lower back pain stemming from a 2009 motor vehicle accident, his complaint of pain radiating to both hips, and his diagnosis of nerve length depending sensory motor axonal peripheral polyneuropathy. I documented Mr. Sedore had a neuropsychological consultation had been completed and he could consent to surgery.

7. On October 31, 2017, I submitted a 407 request for a neurosurgery consultation for Mr. Sedore to receive an epidural steroid injection pursuant to Dr. Loganathan's recommendation.

8. On November 13, 2017, I met with Mr. Sedore to discuss the alternative treatment plan for the Psoas release procedure. We discussed my plan, which was to resubmit a 407 for an orthopedic consultation for the procedure and to continue his prescribed medications. I submitted a new 407 that day.

9. On December 21, 2017, I noted Mr. Sedore had received an epidural injection to help treat his history of lumbar stenosis with radiculopathy. I

reviewed Mr. Sedore's medical records and recommended he return to healthcare as needed.

10. On January 3, 2018, I renewed Mr. Sedore's medications.

11. On January 22, 2018, Mr. Sedore presented for his chronic care visit. At that time, I evaluated Mr. Sedore's COPD and musculoskeletal pain, noted his pain was aching and throbbing, and was aggravated by bending, climbing stairs, movement, walking, and standing. Mr. Sedore informed me his pain was relieved by prescription medications.

12. I noted Mr. Sedore should continue to use his inhaler for his COPD, continue his Motrin and Tylenol as needed, and to await the consultation for a Psoas release surgery. I noted I would consider a PMC referral.

13. On January 24, 2018, I submitted a 407 for PMC evaluation. In my request, I noted Mr. Sedore was having difficulty sleeping, had signs of Psoas impingement, and had a pending consultation for a Psoas release procedure. I also noted neurosurgery recommended a possible lumbar fusion, but a Psoas release procedure would need to be done first.

14. On February 7, 2018, I reviewed the PMC's decision to prescribe Cymbalta.

15. On February 13, 2018, Mr. Sedore presented for a scheduled provider visit to discuss the PMC's recommendation. Mr. Sedore refused to take the

Cymbalta as recommended by the PMC. I provided a release of responsibility form for him to sign; however, he refused to sign the form.

16. I evaluated Mr. Sedore's respiratory issues and noted he was negative for coughing and wheezing and was in no apparent distress. Mr. Sedore refused the PMC's recommendation of Cymbalta explaining that it did not relieve symptoms in the past. At that time, I recommended Mr. Sedore continue with his current medications and to kite for any other concerns.

17. On April 4, 2018, I submitted a 407 for a diagnostic hip injection to be performed by a PMR physician.

18. On April 6, 2018, I reviewed Dr. Papendick's 407 response and his comment as to whether a consultation with a PMR physician had been completed. I revised my request for a consultation with a PMR physician for diagnostic hip injection into the Psoas muscle.

19. On April 18, 2018, Mr. Sedore presented for a scheduled provider visit requesting an accommodation for incontinence garments due to urinary leakage at night.

20. At that time, I updated Mr. Sedore's special accommodation for incontinence garments and submitted an ACMO request for a reacher device to assist in activities of daily living, including donning socks and

5

shoes. I ordered an attendant to assist Mr. Sedore with movement inside the institution.

21. On February 4, 2019, I reviewed Mr. Seodre's chart. I scheduled a provider visit to evaluate Mr. Sedore's hyperlipidemia, COPD, and hip pain.

22. On February 7, 2019, I reviewed Mr. Sedore's chart to renew his Neurontin.

23. On February 20, 2019, Mr. Sedore presented for a provider visit. At that time, I recommended Mr. Sedore continue taking his Anoro, albuterol inhaler, and Zocor as prescribed. I noted the right hip MRI was rescheduled and he should continue his Naprosyn and Tylenol.

24. I submitted an ACMO request for extending Mr. Sedore's accommodation for a reacher and for orthotic shoes with an inch and a half lift on the lift shoe and a 407 for a re-evaluation from the PMC for Ultram.

25. On March 5, 2019, I submitted a 407 for an orthopedic consultation for Mr. Sedore's hip pain.

26. <u>This was the last direct involvement I had with Mr. Sedore's medical care.</u>

27. During my care and treatment of Mr. Sedore, I evaluated and treated his medical complaints, ordered offsite consultations for neurosurgery, injections, and PMC evaluations. I submitted ACMO requests for Ensure and a reacher device to assist Mr. Sedore with his activities of daily living.

28. As a Corizon medical provider I am not involved in the scheduling or rescheduling of off-site appointments as that is not a function of my job.

29. As it relates to off-site appointments, my job function is only to place consultation requests.

30. My involvement with Mr. Sedore's care as it relates to the allegations in his Complaint is limited to the issues set forth in this affidavit. The matters stated in this Affidavit are based on my personal knowledge and review of his Michigan Department of Corrections medical records during the relevant time period.

31. I do not believe that I, in any way, acted with deliberate indifference in Mr. Sedore's case, as I treated him in a manner that I, in my medical judgment, feel was appropriate.

Further affiant sayeth not.

*Rosilyn Jindal, PA-C*
ROSILYN JINDAL, P.A.

Subscribed and sworn to before me
This ___ day of January 2021, 2022

_____
Notary Public, State of Michigan
County of Lenawee
My Commission Expires: 4/24/25

RONALD L NICHOLS
NOTARY PUBLIC, STATE OF MI
COUNTY OF LENAWEE
MY COMMISSION EXPIRES Apr 24, 2025
ACTING IN COUNTY OF Lenawee

7