# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

Scott Sedore, #210661

    Plaintiff,

v.

Campbell et al

    Defendants.

Case No.: 4:19-cv-10311
District Judge: Stephanie Dawkins Davis
Magistrate Judge: David R. Grand

| | |
|---|---|
| SCOTT SEDORE, #210661<br>G. Robert Cotton Correctional Facility<br>3500 N. Elm Road<br>Jackson, MI 49201<br>*Pro Se Plaintiff*<br><br>TANOURY, NAUTS, MCKINNEY &<br>GARBARINO, PLLC<br>Cullen B. McKinney (P49757)<br>Attorney for James Blessman<br>38777 Six Mile Road, Suite 101<br>Livonia, MI 48152<br>(313) 964-4500<br>cullen.mckinney@tnmglaw.com | CHAPMAN LAW GROUP<br>Jeffrey L. Bomber (P85470)<br>Attorney for Corizon Health, Inc.;<br>Mary Greiner, D.O.; and Rosilyn Jindal, P.A.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>jbomber@chapmanlawgroup.com |

## DEFENDANTS CORIZON HEALTH, INC.; MARY GREINER, D.O.; AND ROSILYN JINDAL, P.A.'S REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION FOR SUMMARY JUDGMENT

"[A] motion for summary judgment is a means by which to 'challenge the opposing party to 'put up or shut up' on a critical issue.' If the moving party satisfies its burden, then the burden of going forward shifts to the nonmoving party to produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Department of Transportation*, 53 F.3d 146, 149 (6th Cir. 1995); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In his Response, Mr. Sedore failed to provide any evidence to support his claims that Defendants were deliberately indifferent to his serious medical needs. Mr. Sedore spent significant portions of his Response arguing in the context of a Rule 12(b)(6) Motion to Dismiss, treating the allegations contained in his Complaint as evidence for his deliberate indifference claims. (**ECF No. 100, PageID.1765-74**).

1. **Mary Greiner, D.O., and Rosilyn Jindal, P.A.**

As explained count-by-count in the Brief in Support of Defendants' Motion for Summary Judgment, Mr. Sedore has failed to establish that there is a genuine dispute of material fact regarding his medical care. The facts regarding Mr. Sedore's claims against Dr. Greiner and PA Jindal are not in dispute. Mr. Sedore consistently received prompt and appropriate medical attention for his <u>numerous</u> healthcare complaints throughout the time relevant to the Complaint. Dr. Greiner and PA Jindal were clearly not deliberately indifferent to Mr. Sedore's medical needs. Rather than produce <u>any</u> sort of evidence to support the allegations from the

2

Complaint, Mr. Sedore attaches medical records dating as far back as the 2011 motor vehicle accident that resulted in his incarceration. Mr. Sedore does not produce evidence or raise any arguments that would to create a genuine dispute of material fact as to whether he had an objectively serious medical need that required medical attention from August 2017 to March 2019. Nor did he produce any evidence that Dr. Greiner or PA Jindal was deliberately indifferent to his needs. Instead, Mr. Sedore merely continues to rely on unsupported, grandiose allegations that Defendants "never once" sent him for specialist evaluations and failed to address his complaints of pain.

As Mr. Sedore's medical records clearly reflect, he has long had a history of seeking, kiting, and raising complaints about pain relief. The medical records show that Dr. Greiner and PA Jindal adequately responded to Mr. Sedore's repeated complaints. Not only was Mr. Sedore evaluated for his complaints and medication prescribed when there was objective medical evidence supporting the need, but the Defendants also routinely referred Mr. Sedore for specialist evaluations and PMC review. Mr. Sedore was referred to Dr. Loganathan, a neurosurgeon, who recommended conservative treatment in the form of one epidural steroid injection. (**ECF No. 97-1, PageID.1550-53**). PA Jindal followed Dr. Loganathan's recommendation and Mr. Sedore received an epidural steroid injection. (**ECF No. 97-1, PageID.1601-02**).

When Dr. Epko, an orthopedic surgeon, recommended a psoas release procedure, PA Jindal placed a 407 request for the procedure, which was approved. (**ECF No. 97-1, PageID.1578-79**). When Mr. Sedore was sent to the orthopedic consultation for the procedure at University of Michigan Medicine, Michelle Davis, N.P., determined that a procedure directed at the Psoas tendon was not recommended based on an x-ray taken that day, and instead recommended that he be referred to a PMR physician and to begin physical therapy or an aggressive stretching program. (**ECF No. 97-1, PageID.1633-36**). PA Jindal subsequently referred Mr. Sedore for a PMR consultation. (**ECF No. 97-1, PageId.1641-44**). When the PMR physician, Dr. Richardson, recommended Mr. Sedore have an ultrasound guided steroid injection into the Psoas tendon, the procedure was subsequently requested and approved. (**ECF No. 97-1, PageID.1661-62**).

Mr. Sedore's history of incessantly kiting regarding his various perceived medical needs are clearly detailed in his MDOC medical records. Similarly, there are a significant number of medical records outlining a detailed history of evaluation and treatment for Mr. Sedore's various healthcare complaints. Mr. Sedore clearly desires non-formulary prescription pain medication; however, Mr. Sedore's desires alone do not create a medical necessity for him to be prescribed non-formulary prescription pain medication. Further, an inmate not getting what they want is not sufficient to support a claim for deliberate indifference. PA Jindal

and Dr. Greiner provided Mr. Sedore with medical attention and appropriately exercised their professional medical judgment in treating Mr. Sedore's objective medical necessities. Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Lastly, in arguing as to why summary judgment should not be granted, Mr. Sedore relied on the standard for a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss. (**ECF No. 100, PageID.1765**). In doing so, he relied on allegations from his Complaint to support why summary judgment should not be granted. (**ECF No. 100, PageID.1767-73**). However, under Fed. R. Civ. P. 56, summary judgment is proper if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment is appropriate if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Mr. Sedore cannot rely on his allegations alone to avoid summary

5

judgment, especially when the medical records undermine the allegations he raises in his Complaint.

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372 at 380–81, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The story must be "blatantly contradicted," not just by any evidence, but only by objective evidence, *Booher ex rel. T.W. v. Montavon*, 555 F. App'x 479, 484 (6th Cir. 2014), that "speak[s] for itself," *Oliver v. Greene*, 613 F. App'x 455, 457 (6th Cir. 2015). Here, the objective medical records speak for itself, and Mr. Sedore's self-serving statements are not considered objective evidence as his assertions are not rooted in any other objective evidence besides his conclusory arguments. Given these clear issues, summary judgment should be granted in favor of PA Jindal and Dr. Greiner.

### 2. Corizon Health, Inc.

Similarly, Mr. Sedore failed to produce any evidence that Corizon had an unconstitutional policy, practice, or procedure that led to his claimed injury. In arguing his *Monell* claim against Corizon, Mr. Sedore states that Corizon individually acted to avoid sending Mr. Sedore for specialist testing and treatment. (**ECF No. 100, PageID.1758**). Mr. Sedore failed to state or allege a specific policy

6

or procedure that Corizon has enacted that led to a constitutional violation, which Mr. Sedore has further failed to produce evidence that he suffered. Without identifying an unconstitutional policy or procedure, and without evidence that the policy or procedure was the cause of his injury, Mr. Sedore's *Monell* claims fail as a matter of law.

WHEREFORE, Defendants CORIZON HEALTH, INC., MARY GREINER, D.O., and ROSILYN JINDAL, P.A., respectfully requests that this Honorable Court grant Defendants' Motion for Summary Judgment, dismiss all claims against them with prejudice, and provide any and all such other relief as the Court deems just and equitable.

                                                        Respectfully submitted,
                                                        CHAPMAN LAW GROUP

Dated: February 7, 2022              /s/Jeffrey Bomber
                                                        Jeffrey L. Bomber (P85470)
                                                        Attorney Corizon Defendants
                                                       1441 West Long Lake Rd. Suite 310
                                                       Troy, MI 48098
                                                       (248) 644-6326
                                                       jbomber@chapmanlawgroup.com

## **PROOF OF SERVICE**

I hereby certify that on February 7, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

/s/Jeffrey Bomber
Jeffrey L. Bomber (P85470)
1441 West Long Lake Rd. Suite 310
Troy, MI 48098
(248) 644-6326
jbomber@chapmanlawgroup.com