UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,

                Plaintiff,

v.

SHERMAN CAMPBELL, *et al.*,

                Defendants.
_____/

Civil Action No. 19-10311

Sean F. Cox
United States District Judge

David R. Grand
United States Magistrate Judge

### REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF'S MOTION TO ENFORCE TERMS OF SETTLEMENT (ECF No. 95)

*Pro se* plaintiff Scott Sedore ("Sedore"), an incarcerated person, brings this civil rights action pursuant to 42 U.S.C. § 1983, based on events that allegedly occurred while he was housed at the Gus Harrison Correctional Facility in Adrian, Michigan. The remaining defendants in this matter include Corizon Health, Inc. and two of its employees, Mary Greiner and Rosilyn Jindal, as well as James Blessman, an employee of the Michigan Department of Corrections ("MDOC").

Before the Court is Sedore's Motion to Enforce Terms of Settlement, which was filed on December 20, 2021.[1] (ECF No. 95). On January 31, 2022, the MDOC Defendants filed a response to this motion. (ECF No. 103). No reply was filed.

Having reviewed the pleadings and other papers on file, the Court finds that the facts

---

[1] Because this is a post-judgment/dismissal motion, the undersigned must proceed by report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

I.   **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Sedore's Motion to Enforce Terms of Settlement **(ECF No. 95)** be **DENIED WITHOUT PREJUDICE**.

II.  **REPORT**

   A.   **Background**

Sedore brought claims against the MDOC and two of its employees, Sherman Campbell and Janet Campbell, alleging deliberate indifference to his medical needs in violation of the Eighth Amendment. (ECF No. 1). On February 4, 2020, Sedore and these defendants stipulated to a dismissal of claims. (ECF No. 53).

In connection with the dismissal of his claims against these defendants, Sedore executed a General Release from Liability ("Release"). (ECF No. 66, PageID.1063-67). In relevant part, the Release provides:

- Sedore "will be issued a continuous Special Accommodation Notice (SAN) for a[n] … air mattress …"; and

- Sedore "will be allowed to purchase and keep a wheelchair of his choosing as long as it is consistent with MDOC specifications[.]"

(*Id.*, PageID.1064). In his motion, Sedore asserts that he is not receiving these accommodations in a timely and suitable fashion; thus, he asks the Court to order the MDOC to comply with these terms of the Release.

   B.   **Standard of Review**

This Court has the inherent power to enforce a settlement agreement. *See Brock v.*

2

*Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988). That remedy, however, applies only to cases where there is no dispute or ambiguity as to either the entry into, or the terms of, the agreement. *See Kukla v. National Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973). Thus, "[b]efore enforcing settlement, the district court must conclude that agreement has been reached on all material terms." *Brock*, 841 F.2d at 154.

"Settlement agreements are a type of contract and are therefore governed by contract law." *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992). Therefore, whether a settlement agreement is a valid contract between the parties is determined by reference to state substantive law governing contracts generally. *See id.* In Michigan, "[t]he primary goal in the construction or interpretation of any contract is to honor the intent of the parties." *Rasheed v. Chrysler Corp.*, 445 Mich. 109, 127 n. 28 (1994).

### C. Analysis

#### 1. Air Mattress

There is no dispute that the Release and Sedore's SAN (ECF No. 103-1) both entitle him to an air mattress. Sedore claims, however, that the air mattresses he has been provided with to date are "cheap junk" that develop holes, go flat, and become unusable. (ECF No. 95, PageID.1424). He further claims that each time this happens, he spends several months waiting for a replacement, during which time he suffers extreme pain in his hips, legs, and back. (*Id.*). While conceding that he was not promised a specific brand of air mattress, Sedore states that a heavy duty/hospital grade air mattress exists, which he believes is more suitable for a person of his size and condition. (*Id.*, PageID.1424-25). Thus, Sedore seems

3

to suggest that such an air mattress should be provided.

In response, the MDOC Defendants indicate that they have had difficulty finding a supplier when Sedore (and others) have required replacement air mattresses. (ECF No. 103, PageID.2069). According to the MDOC Defendants, supply chain issues have forced them to "try to repair the air mattress until a replacement is delivered." (*Id.*). The MDOC Defendants further indicate that, during a January 19, 2022, conference call, Sedore and counsel for the MDOC Defendants "began to explore the possibility of a more permanent and suitable substitution." (*Id.*, PageID.2070). According to the MDOC Defendants – and not disputed by Sedore – "Sedore agreed to try potential alternatives and counsel is currently working with healthcare supervisors to obtain an acceptable medical mattress for Sedore to try." (*Id.*).

At least at this time, Sedore's motion to enforce the settlement should be denied because the parties' Release did not specify any particular brand or type of air mattress, and he did not establish that a breach has occurred. To that end, the parties appear to be working to resolve this issue, and in recognition of the ongoing supply chain issues, the Court declines to find that a broken air mattress must be replaced within a specific period of time, or that a certain brand of air mattress must be provided to Sedore. Rather, the parties should continue to work together to find solutions acceptable to both sides. Accordingly, this aspect of Sedore's motion should be denied without prejudice so that the parties can continue those efforts. Should those efforts fail such that the absence of a suitable air mattress becomes a permanent part of Sedore's prison conditions, he may renew his motion at that point.

### 2. *Wheelchair*

Sedore has a state-issued wheelchair, but the Release also permits him to "purchase and keep a wheelchair of his choosing as long as it is consistent with MDOC specifications[.]" (ECF No. 66, PageID.1064). In his motion, Sedore asks the Court to order the MDOC to (1) assist him in finding an MDOC-approved wheelchair vendor, and/or (2) provide him with the actual specifications with which a wheelchair must comply. (ECF No. 95, PageID.1426-27).

In response, the MDOC Defendants indicate that, although there was no agreement that the MDOC would assist Sedore in ordering a wheelchair, this issue also was discussed during a January 19, 2022, conference call, during which defense counsel "reassured Sedore that counsel would provide him with the basic sizing information." (ECF No. 103, PageID.2070). Indeed, it appears that information has now been provided, thus mooting this aspect of Sedore's motion. (*Id.*). The MDOC Defendants further indicate that Sedore wrote to a local medical supplier, CareLinc, about purchasing a wheelchair but received no response. (*Id.*). Although the Release does not require the MDOC to assist Sedore with contacting CareLinc, counsel indicated that his research indicates that CareLinc offers only online (not catalog) sales. (*Id.*, PageID.2071). Counsel for the MDOC Defendants further indicated that, although not required to do so, he "did inform Sedore that he would see what alternatives are available …." (*Id.*).

At least on the present record, where the parties' Release did not explicitly require the MDOC Defendants to provide any specific assistance to Sedore, and where the MDOC appears to be providing reasonable assistance, he has not shown a breach. For these

5

reasons, it would be inappropriate to order any relief at this time. However, as with the air mattress, the parties should continue to work cooperatively to resolve this issue. In the event they cannot resolve the issue, and Sedore believes the MDOC Defendants' conduct in that regarding constitutes a breach of their obligations under the Release, he may renew his motion at that time.

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Sedore's Motion to Enforce Terms of Settlement **(ECF No. 95)** be **DENIED WITHOUT PREJUDICE**.

Dated: July 8, 2022　　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 8, 2022.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager