UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,

      Plaintiff,

v.                                                      Case No. 19-10311

SHERMAN CAMPBELL, *et al.*,                             Sean F. Cox
                                                        United States District Court Judge
      Defendants.

_____/

## ORDER ADOPTING THE MAGISTRATE JUDGE'S AUGUST 4, 2022 REPORT AND RECOMMENDATION

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Scott Sedore ("Sedore") on behalf of himself, proceeding *pro se¸* filed a complaint alleging that defendants violated his constitutional rights. (ECF No. 1.) Specifically, Sedore alleges that defendants were deliberately indifferent to his serous medical needs in violation of the Eighth Amendment.

Pursuant to 28 U.S.C. § 636(b)(1), all pretrial matters were referred to Magistrate Judge David R. Grand.

On September 17, 2021, Defendant James E. Blessman ("Dr. Blessman") filed a motion for partial summary judgment arguing that Sedore failed to exhaust his administrative remedies against Blessman as required under 42 U.S.C. § 1983. (ECF No. 78). On January 7, 2022, Defendants Corizon Health Inc. ("Corizon"), Mary Greiner ("Griener"), and Rosilyn Jindal ("Jindal") (collectively the "Corizon Defendants") filed a motion for summary judgment. (ECF No. 97). Also on January 7, 2022, Blessman filed a substantive motion for summary judgment. (ECF No. 98).

On August 4, 3033, the magistrate judge issued a Report and Recommendation ("R&R") recommending that: "(1) the Corizon Defendants' Motion for Summary Judgment (ECF No. 97) be GRANTED; (2) Dr. Blessman's Motion for Partial Summary Judgment on exhaustion grounds (ECF No. 78) be GRANTED IN PART AND DENIED IN PART; and (3) Dr. Blessman's substantive Motion for Summary Judgment (ECF No. 98) be DENIED." (ECF No. 111, at PageID 2116).

Under FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a magistrate judge must file objections to the R&R within fourteen days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

On August 12, 2022, Dr. Blessman filed a timely objection to the magistrate judge's R&R. (ECF No. 113). Sedore did not respond to the objection.

To properly object to the R&R, Plaintiff must do more than simply restate the arguments set forth in his summary judgment motion. *Senneff v. Colvin,* 2017 WL 710651 at * 2 (E.D. Mich. Feb. 23, 2017). Absent compelling reasons, the Magistrate Judge Act, 28 U.S.C. § 631 *et seq*., "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n 1 (6th Cir. 2000).

In Dr. Blessman's objection, he argues that the magistrate judge incorrectly applied the Sixth Circuit's holding in *Darrah v. Krisher*, 865 F.3d 361 (6th Cir. 2017) to the facts in this case. (*See* ECF No. 113).

As a general rule, "a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical malpractice  claim, which is not cognizable under § 1983.

*Darrah*, 865 F.3d at 372 (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "However, a decision to provide 'an easier and less efficacious treatment' may suffice to establish deliberate indifference." *Darrah*, 865 F.3d at 372 (quoting *Warren v. Prison Health Servs., Inc.*, 576 Fed.App'x 545, 552 (6th Cir. 2014)).

In *Darrah*, the Sixth Circuit held that there was an exception to this general rule: deliberate indifference can be established when a treating physician prescribes a medication while knowing that a different medication was the only treatment that had proven effective for the patient. 865 F.3d at 372. The *Darrah* court applied the reasoning in *McCarthy v. Place*, 313 Fed.App'x 810, 816 (6th Cir. 2008) and held:

> At the time of Darrah's transfer to MCI, Defendants were aware of the severe nature of his HPK, that he had been taking Soriatane prior to his transfer, and that Soriatane had been the only effective treatment for his HPK out of a number of other medicines that he had tried. Given Dr. Krisher's knowledge of Darrah's previous success with Soriatane; his knowledge that Methotrexate is a drug of last resort for psoriasis; and the fact that Methotrexate is an immunosuppressant that required Darrah to be monitored for severe side effects during its use, a reasonable jury could find that Dr. Krisher disregarded a risk of serious harm to Darrah by prescribing Methotrexate despite his familiarity with the more effective treatment option, Soriatane.

*Darrah*, 865 F.3d at 372.

In the August 4, 2022 R&R, the magistrate judge reasoned that the present case fell under the *Darrah* exception.

> *Darrah* is analogous to the case at hand. Here, viewing the facts in the light most favorable to Sedore, a genuine issue of material fact exists as to whether Dr. Blessman's January 2018 decision to prescribe only Cymbalta for Sedore's chronic pain – despite knowing that it had not eased his pain in the past and had caused dramatic weight loss – constituted deliberate indifference to his serious medical

3

needs. Sedore's medical records substantiate his allegations that he lost 70 pounds between January and August 2017; that he was taking Cymbalta during at least part of that period of time; and that he advised medical providers at ARF both that Cymbalta did not relieve his symptoms and that he believed it contributed to his dramatic weight loss (ECF No. 25, PageID.312-14; ECF No. 97-1, PageID.1540, 1626). If indeed Dr. Blessman and the PMC were aware of Cymbalta's ineffectiveness for Sedore and the risks it posed to his health, yet repeatedly prescribed only this pain medication, the question of whether such actions constitute deliberate indifference should be resolved by a jury. *Darrah*, 865 F.3d at 370. Thus, to the extent Dr. Blessman moves for summary judgment as to this claim, his motion should be denied.

(ECF No. 111, at PageID 2150).

Dr. Blessman argues that the facts in *Darrah* are not similar to this matter because "the plaintiff in *Darrah* who suffered a very rare condition with limited options and a history of successful treatment from one medication" whereas "Mr. Sedore's pain complaints have been assessed and treated with a variety of clinical treatments and medications, with differing levels of effectiveness, and Mr. Sedore himself disclaims the effectiveness of any/all medications." (ECF No. 113, PageID.2159).

*Darrah* and Sedore are similar in two ways: the treatment they were prescribed did not effectively treat them and the prescribing physician knew of possible severe side effects of the prescribed medications. The difference is that in *Darrah*, the physician knew that another medication had been previously successful but still chose not to prescribe that medication. Whereas, here, there is no evidence that Dr. Blessman was abandoning an effective treatment plan. Therefore, as the magistrate judge reasoned, the question of whether Dr. Blessman and the PMC's actions in this regard constitute deliberate indifference should be resolved by a jury.

For these reasons, the Court agrees with the analysis and conclusion in the R&R. Accordingly, the Court OVERRULES Dr. Blessman's objection (ECF No. 113) and ADOPTS the magistrate judge's August 4, 2022 Report and Recommendation. (ECF No. 111).

**IT IS SO ORDERED**.

Dated:  September 27, 2022                    s/Sean F. Cox
                                              Sean F. Cox
                                              U. S. District Judge