UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE, No. 210661

      Plaintiff,

v

      Case No. 19-10311-SFC-DRG
      Hon Sean F. Cox

SHERMAN CAMPBELL, et al

      Defendants.

**PLAINTIFF'S TRIAL BRIEF**

### I.    STATEMENT OF FACTS

Plaintiff Scott Sedore is incarcerated for his actions in causing a serious automobile collision that resulted in the death of another and extensive severe injuries to himself. In that 2009 accident, Mr. Sedore struck another vehicle head on at approximately 67 mph while not wearing a seatbelt. He broke his sternum, 14 ribs, his right arm, both hips, both femurs (including a right dislocation fracture which functionally ripped his femoral head in half), his left fibula/tibia/tibula, and left foot (Lisfranc fracture). He also suffered a traumatic brain injury, complete respiratory failure, pulmonary contusions, and a torn meniscus in his left knee. He was comatose for approximately 2.5 weeks in a neuro-intensive care unit at Sparrow Hospital in

1

Lansing. As a result of his injuries, he received numerous surgeries, including replacements of both hips.

Mr. Sedore has been incarcerated by the MDOC since 2011. During that time, he has suffered significant chronic pain related to the injuries he sustained in the collision and has exhausted various potential treatments for his pain. Defendant James Blessman became the MDOC's Assistant Chief Medical Officer on or about January 1, 2018. His duties included serving on the Pain Management Committee, which is vested with responsibility for reviewing requests and/or recommendations for any long-term inmate prescription of "non-formulary" pain medication, including all opioid and narcotic pain medication. By the time Dr. Blessman first has occasion to review a request for Plaintiff to receive a higher level of pain medication, Plaintiff had tried, among other things, Cymbalta, Neurontin/Gabapentin, and various NSAIDs (Non-Steroidal Anti-Inflammatory Drugs) without significant relief from his pain. Despite the failure of these medications, they were all that was approved by Defendant in three reviews of Plaintiff's needs on or about January 31, 2018, August 7, 2018, and February 20, 2019. On each occasion, Defendant had access to Plaintiff's medical records which indicated that these medications were ineffective for him, but Defendant continued to prescribe these failed treatments in lieu of stronger medication that could alleviate Plaintiff's ongoing pain and suffering.

## II.    CONTROLLING LAW

Section 1983 of Title 42 of the United States Code provides redress to those who have suffered violations of constitutionally protected rights:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

A claim under § 1983 is established by demonstrating, by a preponderance of the evidence, that (a) the conduct complained of was committed by a person acting under color of state law, (b) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States, and (c) that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff. *See* Matthew Bender, MODERN JURY INSTRUCTIONS § 87-68.

Among the multitude of claims that fall within the scope of Section 1983 are Eighth Amendment Claims based on Defendant failure to provide adequate medical care. In order to establish a violation of the Eighth Amendment due to inadequate medical care, a prisoner must prove "deliberate indifference" to a "serious medical need". *Estelle v. Gamble*, 429 U.S. 97, 104 (1994). The deliberate indifference

standard contains both an objective and a subjective prong. First, the alleged depravation must be, in objective terms, "sufficiently serious". *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Cuoco v. Mortisugu*, 222 F.3d 99, 106 (2d Cir. 2000). Factors that are relevant in determining whether a serious medical condition exists include "the existence of an injury that a reasonable doctor or patient would find important and worth of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992). "A serious medical need exists when the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Smith v. Carpenter*, 316 F.3d 178, 187 (2d Cir. 2003).

Second, the charged official must act with a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298-299. Deliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The necessary state of mind has been likened to one of criminal recklessness. *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998). A prison official acts in a deliberately indifferent manner where he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a

4

substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Simple negligence, or an inadvertent failure to provide adequate medical care is insufficient to establish deliberate indifference. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

As noted in Magistrate Judge Whalen's Report and Recommendations on Defendant's Motion to Dismiss,

> A plaintiff can "establish the objective component by showing that the prison . . . provided treatment 'so cursory as to amount to no treatment at all.'" *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018) (quoting *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 551 (6th Cir. 2009)). Plaintiff makes this showing by alleging that taking Cymbalta would have been seriously detrimental to his health, and that other medication he had access to were ineffective. He was essentially left with pain management so cursory as to amount to no pain medication at all.

And as stated in Magistrate Judge Grant's Report and Recommendations on Defendant's Motion for Summary Judgment, "[i]f indeed Dr. Blessman and the PMC were aware of Cymbalta's ineffectiveness for Sedore and the risks it posed to his health, yet repeatedly prescribed only this pain medication, the question of whether such actions constitute deliberate indifference should be resolved by a jury." ([ECF No. 111] at 36, [PageID.2150]). (Citing *Darrah v. Krisher*, 865 F.3d 361, 370 (6th Cir. 2017)).

### III. EVIDENTIARY ISSUES

The parties believe that they have largely reached agreement regarding admitting most of the relevant documents into evidence. These documents include Plaintiff's medical and grievance records as well as certain MDOC documents. There remains a recently-discovered dispute amongst the parties regarding Defendant's ability to utilize expert testimony. Concurrently with this brief, Plaintiff has filed a motion to exclude any such expert testimony on the basis that no effective disclosure of these experts was made within the deadline provided by the Federal Rules of Civil Procedure.

### IV. CONCLUSION

Plaintiff's claim for deliberate indifference to his serious medical needs will be supported by a voluminous documentary record and the testimony of Plaintiff Sedore and his expert, Dr. David Mathis. Plaintiff looks forward to having his claims adjudicated before this Court.

Date: January 16, 2023

Respectfully submitted,

s/ *Nicholas A. Coulson*
Nicholas A. Coulson (P78001)
Matthew Z. Robb (P81665)
**LIDDLE SHEETS COULSON P.C.**
975 East Jefferson Avenue
Detroit, Michigan 48207-3101
T: (313) 392-0015
F: (313) 392-0025
ncoulson@lsccounsel.com
mrobb@lsccounsel.com

*Attorneys for Plaintiff Scott Sedore*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th of January, 2023, I served a copy of the foregoing via the Court's electronic filing system to the following:

TANOURY, NAUTS, MCKINNEY &
DWAIHY, PLLC.
CULLEN B. MCKINNEY
THOMAS P SULLIVAN
38777 Six Mile Road, Suite 101
Livonia, Michigan 48152
(313) 964-4500 / fax (734) 469-4298
cullen.mckinney@tnmglaw.com
thomas.sullivan@tnmglaw.com

*Attorneys for Defendant*

                                                       s/ Nicholas A. Coulson
                                                       Nicholas A. Coulson